UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PEGGY ANNE KELLEY,   CASE NO:  6:14-cv-2033-OR-GAP-TBS

    Plaintiff,

vs.

CITY OF ALTAMONTE SPRINGS,
municipal government,

    Defendant.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8(b)&(c) and files this, its Answer and Affirmative Defenses to Plaintiff's Complaint and in paragraphs corresponding to the numbered paragraphs of the Complaint states:

### JURISDICTION AND PARTIES

1. Admitted that Plaintiff brings an action alleging violation of Title II of the Americans with Disabilities Act.  Denied Plaintiff is entitled to the relief sought under such action.

2. Admitted.

3. Admitted for the purposes of venue.  All other allegations or inferences arising therefrom are denied.

4. Denied.

5. Without knowledge; therefore denied.

6. Admitted that the City of Altamonte Springs is conferred the power to provide parks and other recreation to citizens at its discretion. Fla. Stat. §626.021. Admitted that the City of Altamonte Springs is a public entity as defined by 42 U.S.C. § 12131(1)(A). All remaining allegations and inferences therefrom are denied.

## FACTS

7. Admitted.

8. Denied that the Altamonte Springs Therapeutic Pool is a public accommodation as that phrase is construed under the Florida Civil Rights Act of 1992. Otherwise, admitted.

9. Denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

12. Without knowledge; therefore, denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Without knowledge; therefore, denied.

### COUNT I – PUBLIC POOL ACCESS – VIOLATIONS OF
### THE AMERICANS WITH DISABILITIES ACT

32. Defendant reasserts its answers to the allegations set forth above as though fully set forth herein.

33. Denied.

34. Defendant relies on the text of the statute as published in the United States Code.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Without knowledge; therefore, denied.

41. Defendant relies on the text of the statute as published in the United States Code and the text of the Regulation as published in the Code of Federal Regulations.

42. Denied.

43. Denied.

44. Denied.

**COUNT II – VIOLATION OF FLORIDA STATUTE § 760.08**

45. This count is subject to the Motion to Dismiss filed concurrently herewith. Defendant will respond to the allegations of Count II, if applicable following the Court's disposition of its motion.

46. This count is subject to the Motion to Dismiss filed concurrently herewith. Defendant will respond to the allegations of Count II, if applicable following the Court's disposition of its motion.

47. This count is subject to the Motion to Dismiss filed concurrently herewith. Defendant will respond to the allegations of Count II, if applicable following the Court's disposition of its motion.

48. Any allegation of the Complaint not specifically answered herein is denied by the reference.

**AFFIRMATIVE DEFENSES**

As further defense against the claims asserted within the Complaint, Defendant affirmatively states the following:

49. The City of Altamonte Springs Therapeutic Pool is not a public accommodation as that term is construed under the Florida Civil Rights Act of 1992. Therefore, Defendant is entitled to judgment as a matter of law with respect to that claim.

50. Plaintiff has failed to exhaust administrative remedies necessary to maintain these civil actions. Therefore, Defendant is entitled to judgment as a matter of law.

51. One or more of Plaintiff's claims are time-barred pursuant to the applicable statute of limitations. Therefore, Defendant is entitled to judgment as a matter of law.

52. Count II of Plaintiff's Complaint seeks punitive damages against a local government entity which are statutorily proscribed by Fla. Stat. §760.11(5). Therefore, Defendant is entitled to judgment as a matter of law with respect to such claim for damages.

53. Plaintiff is not a qualified individual with a disability as that phrase is construed under the Americans with Disabilities Act of Title II. Therefore, Defendant is entitled to judgment as a matter of law with respect to Count I.

54. Defendant has not denied the benefits of the services program or activities of its facilities and services to any person on the basis of disability. Therefore, Defendant is entitled to judgment with respect to all of Plaintiff's claim.

WHEREFORE, Defendant, having fully answered the Plaintiff's Complaint, respectfully requests:

1. Judgment to be entered in its favor and all claims in the Complaint to be dismissed with prejudice.

2. Judgment to be entered against Plaintiff and in favor of the Defendant for all costs and attorneys' fees incurred by Defendant in the defense of this action; and

3. Defendant has and recovers such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 13, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing

to Scott R. Dinin, Esquire, Law Offices of Scott R. Dinin, P.A., 4200 NW 7th Avenue, Miami, FL 33127.

            */s/Gail C. Bradford, Esq.*
           WILLIAM E. LAWTON, ESQ.
          Florida Bar No. 0163236
          GAIL C. BRADFORD, ESQ.
          Florida Bar No. 0295980
          Dean, Ringers, Morgan & Lawton, P.A.
          Post Office Box 2928
          Orlando, Florida 32802-2928
          Tel:  407-422-4310    Fax:  407-648-0233
          WLawton@drml-law.com
          GBradford@drml-law.com
          Attorneys for Defendant